IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DARREN-JAMES MICHAELS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil No. 11-157 Erie |
| NCO FINANCIAL SYSTEMS INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Darren-James Michaels, *pro se*, commenced this action against Defendants Lisa Echeverri Vickers, Jeff Atwaters, and Ladasiah Jackson Ford alleging a variety of claims. For the reasons stated herein, we dismiss this action for lack of subject matter jurisdiction.

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject–matter jurisdiction, the court must dismiss the action." Plaintiff's claims appear to arise from a delinquent child support obligation enforced against him in a proceeding initiated in the State of Florida. Plaintiff attempts to invoke our equity jurisdiction in support of his claims and as the basis of his action. Although federal courts may entertain claims sounding in equity, federal jurisdiction must be present in the first instance.

A review of the Amended Complaint reveals that plaintiff has not alleged facts which establish a federal question. He alleges a cause of action for fraud and breach of trust, which are state law concepts and do not implicate a federal question. Plaintiff seeks specific performance of a trust under the law of equity, a general injunction to restrain, a merger of titles, and a return of trust res. These are not federal questions.

As for potential jurisdiction on the grounds of diversity of citizenship, 28 U.S.C. § 1332 mandates that he allege specific facts that the amount in controversy requirement has been met and that there is complete diversity of citizenship. Plaintiff has not demonstrated the presence of the requisite jurisdictional amount in controversy; his claims are based in equity and no monetary damages are sought. This alone would destroy diversity jurisdiction. Even so, in his Civil Cover Sheet he notes that he disagrees with the status of being a citizen of the Commonwealth of Pennsylvania: he describes himself is a "PA State National." We further note that (as more fully detailed in defendants' motion to dismiss and as confirmed by public records), plaintiff appears to be a resident of Florida, thus destroying complete diversity of citizenship between the parties.

AND NOW, to wit, this __15th__ day of December 2012, it is hereby ORDERED, ADJUDGED and DECREED THAT this action is DISMISSED for lack of subject matter jurisdiction and the Clerk is directed to close this case. All pending motions are DENIED AS MOOT.

*Maurice B. Cohill, Jr.*
Hon. Maurice B. Cohill, Jr.
Senior United States District Court Judge

CC: record counsel
Darren-James Michaels

2